

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable A. M. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Dear Sir:

Opinion Number O-4810
Re: Employment of supervisor by
County Judge — ex-officio
County Superintendent.

   We have received your letter of recent date which
we quote, in part, as follows:

   " 'Under Section 2 of Article 2700.1 of the
Revised Civil Statutes of the State of Texas,
(Acts 1941, 47th Leg., p. 407, ch. 237) may the
County Superintendent, or the Ex-Officio County
Superintendent with the consent of the County
Board of Trustees, employ a superviosr of music
in the affiliated schools of the county and make
the per capita assessment sufficiently great to
pay such music supervisor out of the per capita
assessment? In other words, may the term music
supervisor be substituted for the term school
supervisor, in the above cited statute?' "

   Article 2700.1, Vernon's Annotated Civil Statutes,
was enacted in 1941 by the Forty-seventh Legislature, regular
Session, as House Bill 364. Section 1 thereof fixes the sal-
aries of the elective superintendents, provides for the making
of an annual budget, and provides for the appointments of as-
sistants to the county superintendent. Section 2 of Article
2700.1 reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The County Superintendent of Public Instruction may, with the approval of the County Board of Education, employ one or more school supervisors to assist in planning, outlining, and supervising the work of the Public Free Schools in the county which is under the supervision of the County Superintendent of Public Instruction. Said supervisor or supervisors shall at all times work under the supervision and direction of the County Superintendent of Public Instruction, as other assistants are r quired to do, and must have evidence of proficiency in rural shcool supervision and must be the holder of at least a Bachelor of Science Degree or higher, Such supervisor or supervisors may receive a salary of not to exceed Two Thousand Dollars ($2,000) per annum, to be paid out of the same funds and in the same manner as that of the County Superintendent of Public Instruction and other assistants."

At the outset we are confronted with the question whether Article 2700.1 is applicable to ex officio superintendents. If it is, we think that a music supervisor could be employed under theprovisions of Section 2 above quoted, for such provisions do not specify or limit the type of supervisor other than to state that he will assist in planning, outlining, and supervising the county schools. We believe that if the county superintendent and county board, in the exercise of their discretion, determine that a music supervisor is needed, one could be employed under Section 2.

However, we must first determine whether Article 2700.1 is applicable to ex officio superintendents.

Article 2688, Vernon's Annotated Civil Statutes, provides for the office of county superintendent in all counties of 3000 or more scholastics, and in counties of a less number upon a vote of the qualified electors.

Article 2701, Vernon's Annotated Civil Statutes, provides as follows:

"In each county having no school superintendent, the county judge shall be ex officio county superintendent and shall perform all the duties required of the county superintendent in this chapter. He shall give bond in the sum of One Thousand Dollars ($1,000), payable to and to be approved by the County Board of School Trustees of the respective counties and conditioned for the faithful performance of his duties. The salary of the ex officio Superintendents of Public Instruction in all counties in Texas shall be, from and after September 1, 1936, paid from the State and County Available School Fund. (As amended Acts 1935, 44th Leg., 2nd. C. S., p. 1732, ch. 447, Sec. 1.)"

Article 3888, Vernon's Annotated Civil Statutes, reads as follows:

"In a county where the County Judge acts as superintendent of public instruction, he shall receive for such services such salary not to exceed Nine Hundred Dollars ($900) a year as the County Board of School Trustees of the respective counties may provide. The amount shall be paid in the manner specified in Chapter 49, Acts of the Forty-first Legislature, Fourth Called Session (Art. 2700d-1), and in Chapter 175, Acts of the Forty-second Legislature, Regular Session (Art. 2827a). (As amended Acts 1935, 44th Leg., 2nd. C. S., p. 1732, ch. 447, Sec. 2.)"

We see that the County Judge -- ex officio superintendent is charged with the performance of the same duties

as any other county superintendent; his salary for the performance of these duties is payable from the Available School Fund.

As a general rule it may be that, because of the small number of scholastics in his county, the County Judge-- ex officio superintendent does not have to spend a great amount of time in the performance of school duties. But it is certainly conceivable that in some instances he may not have time to discharge his duties properly. Likewise, the schools in his county may require a certain training or supervision in order to supply something needed.

Obviously, Article 2700.1 is limited to elective county superintendents, as such, when it fixes their salaries. However, that part of the Act (Section 2) providing for the employment of supervisors is not so limited, and we do not feel that we could read such a limitation into the Act.

You are, therefore, advised that the County Judge-- ex officio school superintendent may, with the approval of the county board, employ a supervisor of music under Section 2 of Article 2700.1, provided, of course, such supervisor possesses the qualifications set out in said article. His salary is to be paid "out of the same funds and in the same manner" as that of the county superintendent.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY

/s/ George W. Sparks
Assistant

GWS-s

APPROVED SEP 23, 1942
Gerald C. Mann
Attorney General of Texas

This opinion consi-
dered and approved
in limited confer-
ence.